## Friedenberg v. Mortgage Building and Loan Association.

*David S. Malis*, for plaintiff; *Joseph H. Sundheim*, for defendant.

SMITH, P. J., July 13, 1931.—This matter arises in the way of preliminary objections filed to a bill in equity. The bill avers that the plaintiff is the owner of seven shares of free and unpledged stock in the thirty-first series of the Mortgage Building and Loan Association; that down to November, 1930, the plaintiff has paid dues to the association in the sum of $644; that on March 31, 1931, the Mortgage Building and Loan Association was merged and consolidated with six other building and loan associations under the name of Mortgage Building and Loan Association, by which the defendant association succeeded to all the assets, rights, privileges, franchises and liabilities of

the Mortgage Building and Loan Association; that the plaintiff did not assent to the merger, and under date of March 18, 1931, by letter gave notice to this effect to the Mortgage Building and Loan Association; that the plaintiff has demanded payment of the value of his stock, which the defendant has refused to pay; that at the date of the merger the value of the plaintiff's stock was in excess of the amount of the dues paid by him, and prayed as follows:

A. That the defendant Mortgage Building and Loan Association make answer to the averments of the bill;

B. That the defendant Mortgage Building and Loan Association, its officers and agents, be ordered and decreed to pay to the plaintiff the value of his stock on the date of the merger, to wit, March 31, 1931.

The defendant's preliminary objections to the bill submit the following reasons:

1. There is an adequate remedy at law.

2. The bill shows no right in equity.

3. The laches of the plaintiff has lost him his right of maintaining his bill.

The plaintiff did not appear and register an active dissent at the meeting of the stockholders of his building and loan association when the question of merger was voted upon. Instead, under date of March 18, 1931, he wrote a letter to the secretary of the association protesting against the proposed merger and asking that he be paid what is due him. His bill in equity was filed almost two months subsequent to the merger.

A stockholder in a building and loan association should appear at a meeting called for the purpose of determining the matter of a merger of the association to which he belongs and another association so that he may there and then register his assent or dissent. He cannot sit idly by and await developments until, some time subsequent to the merger, he ascertains if the judgment of the majority of the shareholders, who have consented to the merger, is sound or faulty. If he does assume this manner or conduct, he must make a decision at some definite time subsequent to the merger or otherwise. be bound by his laches. A letter written to the association is not sufficiently definite to register his assent or dissent.

Therefore, this petitioner stands in the position of a shareholder in a building and loan association who has taken no action at all upon the question of a merger, and does not expressly come within the provisions of the Acts of Assembly of May 29, 1901, P. L. 349, and May 3, 1909, P. L. 408, governing the rights of a minority stockholder in a corporation who has registered his active dissent to the consolidation of his corporation with another. A non-assenting stockholder cannot be forced to go into a merger with other building and loan associations, but neither can his neglect to vote upon this matter of grave importance to his association prevent the merger. As to him, the merger amounts to a dissolution of the building and loan association of which he was a member.

At the date of the merger his rights become fixed in so far as it affects the value of his shares of stock. The corporation, into which the petitioner's association has become merged, has taken its assets with full assumption of the legal rights of all non-assenting stockholders to the merger.

Following the trend of recent authorities, the non-assenting stockholder to a merger should have no preference over all the other stockholders who, because they believed that it was to the best interest of the majority, went into a merger with other building and loan associations. He cannot be divested of his rights by such merger but he stands in no better position than a stockholder who has given his notice of withdrawal to take effect as the

same date of the merger. His rights become fixed as of that date and he may proceed then to collect, in the same manner as a withdrawing stockholder, on the law side of the court.

### Decree.

And now, to wit, July 13, 1931, the preliminary objections to the bill in equity are sustained, and the matter is referred to the law side of this court for final disposition.